**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ELGIN K. COX,

          Plaintiff-Appellant,

v.

ALLIN CORPORATION PLAN; et al.,

          Defendants-Appellees.

Nos.  16-15231
        18-16975

D.C. Nos.  4:12-cv-05880-SBA
           4:16-cv-04675-SBA

ORDER

Appeal from the United States District Court
for the Northern District of California
Saundra B. Armstrong, District Judge, Presiding

Argued and Submitted January 11, 2021
San Francisco, California

Before: BYBEE and R. NELSON, Circuit Judges, and WHALEY,[*] District Judge.

The petition for panel rehearing filed by appellees Allin Corporation Plan

and Unum Life Insurance Company of America on March 2, 2021 is GRANTED.

The memorandum disposition filed February 17, 2021 is WITHDRAWN.

---

     [*]    The Honorable Robert H. Whaley, United States District Judge for the
Eastern District of Washington, sitting by designation.

The court considers the issue presented in these appeals important and one that may affect other insurance contracts in California. Because the record is insufficient, these appeals are REMANDED for the limited purpose of permitting further development of the record. The district court shall conduct discovery to determine whether the Allin Plan is a "California Contract" within the meaning of Unum's 2005 California Settlement Agreement (CSA) with the California Department of Insurance (CDOI). The district court shall determine, based on development of the record, whether the Allin Plan is "subject to the jurisdiction of and approved by the [CDOI]" such that it is a "California Contract" governed by the CSA and subject to the CSA's prohibition on self-reported symptoms limitations. We acknowledge that the district court found that the CDOI did not have jurisdiction over the policy in *Cox I*, *Cox v. Allin Corp. Plan*, 70 F. Supp. 3d 1040 (N.D. Cal. 2014), and reaffirmed this finding in *Cox II*, *Cox v. Allin Corp. Plan*, No. C 16-4675 SBA, Order Granting Defendant's Mot. For Summ. J. at 17. On the present record, however, the court is unable to determine whether such finding was in error. The district court may want to consider whether the CDOI claims to have jurisdiction over the subject policy or equivalent policies. The district court may also want to address whether, even assuming that a copy of the policy was not submitted to the CDOI, California insurance law so required. The

2

district court may conduct proceedings consistent with this order and issue findings, at which point we will resume jurisdiction over these appeals. We express no opinion on the merits.

Submission is VACATED and these appeals shall be held in abeyance pending resolution of the proceedings on remand. The parties shall inform this court within 7 days after the district court issues an order. The Clerk shall administratively close these appeals pending resolution of the remand.